**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cr-00063-RCJ-VPC-1 |
| vs. | ) | |
| ORTENCIA SEGURA-SEGURA, | ) | **ORDER** |
| Defendant. | ) | |

     A grand jury indicted Defendant Ortencia Segura-Segura for one count of fraudulent use of a social security number, 42 U.S.C. § 408(a)(7)(B), two counts of aggravated identity theft, 18 U.S.C. § 1028A, and one count of false statement in application for passport, 18 U.S.C. § 1542. (*See* Indictment, June 27, 2012, ECF No. 1).  Defendant was arrested in Reno, Nevada on July 10, 2012 and pled not guilty to all counts during her arraignment. (*See* Warrant, July 10, 2012, ECF No. 5; Arraignment Mins., July 10, 2012, ECF No. 6).  Defendant agreed to plead guilty to count three pursuant to § 1542, but the Court rejected the plea and granted Defendant's oral motion to dismiss the indictment for selective prosecution. (*See* Plea Agreement, Oct. 18, 2012, ECF No. 20; Change of Plea Hr'g Mins., Oct. 23, 2012, ECF No. 21).

     The Court noted during the plea colloquy that the charge under § 1542 would normally be brought as a misdemeanor, not as a felony, as here, and that the Department of Justice had ceased prosecuting illegal reentry cases as a general matter except for those defendants with a prior criminal history.  The United States noted that the present case had nothing to do with illegal reentry but rather fraud and identity theft crimes that the Department of Justice was continuing to

1  prosecute against aliens and citizens alike, and that Defendant had a criminal history (petty

2  larceny) in any case.  The Court rejected the plea for selective prosecution, noting that although

3  the crimes charged in the present case were different from illegal reentry, Defendant was in the

4  same position as an illegal reentry defendant with respect to her criminal culpability and the

5  nature and gravity of the crimes.  The Court solicited a motion for dismissal from Defendant,

6  which Defendant made and the Court granted.

7      The United States has asked the Court to clarify its ruling and has appealed it in the

8  meantime.  The United States has also asked the Court to extend the existing order of detention

9  pending appeal.  Defendant has not timely objected to either of the United States' motions.  First,

10  the United States notes that the minutes of the October 23, 2012 hearing indicate that Defendant

11  was remanded to custody and counsel for the defense was directed to submit a proposed order of

12  dismissal, indicating that dismissal was not to be effective unless and until the Court reviewed

13  Defendant's motion and signed it.  However, the minutes also indicate that the Court granted the

14  motion.  The Court clarifies that the signed minute order is a final, appealable order.  Second, the

15  United States asks the Court to extend the existing order of detention pending appeal.  The Court

16  denies the motion.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Clarification (ECF No. 24) is

GRANTED.

IT IS FURTHER ORDERED that the Motion to Extend Existing Order of Detention

Pending Appeal (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated this 14th day of January, 2013.

_____

ROBERT C. JONES
United States District Judge